UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES N. WATSON, JR., | ) | CASE NO. 4:07 CV 3713 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF MAINE, et al., | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On December 4, 2007, petitioner pro se Charles N. Watson,
Jr., an inmate at the Federal Correctional Institution at Elkton,
filed this mandamus action against the State of Maine and the
United States of America.  The complaint states that Watson was
"prosecuted under a fictitious name included in an Information
Complaint, as well as other Dockets referenced under the State of
Maine Bureau of Identification, (SBI) File No. J-6882 and
corresponding FBI File No. 306215-P3, which includes Petitioners
present federal sentence under Docket No. CR-93-60-P/C, and State
of Maine Docket No. CR-87-2281, which has been used to enhance the
present federal sentence."  Complaint, p.3.   Petitioner seeks an
order vacating his state of  Maine criminal convictions and
reversing a Cumberland County Superior Court civil judgment.  He
further seeks the cancellation of a detainer "lodged against
Petitioner's Federal Bureau of Prisons file."  Complaint, p.33.

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v.MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable in law or fact.[1]  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).

The common law writ of mandamus, codified at 28 U.S.C. § 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  The extraordinary remedy of mandamus will only issue when a petitioner shows that right to the issuance of the writ is clear and undisputable.  <u>In Re Bendectin Prod. Liab. Litig.</u>, 749 F.2d 300, 303 (6th Cir. 1984).  The Supreme Court has determined that the a mandamus action under 28 U.S.C. § 1361 provides a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984); <u>Michigan Ass'n of Homes and Services for the Aging, Inc. v. Shalala</u>, 127 F.3d 496,

---

[1]  A claim may be dismissed <u>sua sponte</u>, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

503 (6th Cir. 1997).

Plaintiff is essentially challenging the validity of his current confinement.  When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475 (1973).  Further, there is no legal basis for this court to issue a writ of mandamus against a state official to perform a legal duty required by state law.

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


S/Peter  C.  Economus  -  1/30/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE